## WILLIAM E. CROSS AND WIFE v. EDWARD KEMP.

Where, in an action of trespass before the court for the trial of small causes, the defendant pleads title to land, and plaintiff brings suit in this court, to which defendant interposes other pleas besides that of title, the question of legality of such pleading cannot be raised on demurrer, but on motion to strike out the pleas.

Cross v. Kemp.

In trespass. On demurrer to pleas.

Argued at November Term, 1882, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP, DIXON and PARKER.

For the plaintiffs, *J. L. Wheeler* and *W. A. Lewis.*

For the defendant, *R. Allen, Jr.*

The opinion of the court was delivered by

PARKER, J. The plaintiffs brought an action of trespass against the defendant in the court for the trial of small causes. The defendant interposed the plea of title and filed the required bond. An action was then commenced in this court. The defendant filed the plea of general issue, accompanied by other pleas, justifying under certain special statutes. The plaintiffs demurred to the pleas. In the argument the plaintiffs' counsel contended that the defendant having put in the plea of title before the justice, could not file any other plea in this court; to which it was replied on part of defendant that he had the legal right to plead as he did, because the demand had been enlarged by the declaration.

The question in controversy between counsel in this cause cannot be considered on demurrer. The objection is not to the pleas themselves, but to the right to file any plea except the plea of title. The motion should have been to strike out the pleas. This has always been the mode of raising the question. *Brain* v. *Snyder,* 1 *Vroom* 56 ; *Dover* v. *McFarlan,* 2 *Green* 471 ; *Canfield* v. *Johnson,* 1 *Zab.* 83; *Snedicker* v. *White,* 6 *Halst.* 87 ; *Yawger* v. *Manning,* 1 *Vroom* 182 ; *Hawk* v. *Segraves,* 5 *Vroom* 355.

The demurrer is overruled, with costs.